## THOMAS ALLEN, APPELLANT, *v.* TALBOT NORTON, RESPONDENT.

JUDGMENT BY CONFESSION—CONTINGENT LIABILITY.—A judgment by confession on a contingent liability, can be enforced by execution.

IDEM—WHEN ATTACKED COLLATERALLY, WHAT RULES APPLY.—A judgment by confession is to be tried by the same rules as to its validity, when attacked collaterally, as other judgments, and there can be no inquiry into the consideration of the bond on which the judgment was founded.

APPEAL from Benton County.

This is an action of ejectment brought by the appellant, who claims the land as the heir of one Jacob Allen, deceased. The respondent alleges title in himself and derives his title from a sheriff's deed and sale under an execution on a judgment by confession against said Jacob Allen and

in favor of Thomas M. Reed, and the questions to be decided in this case concern the validity of this judgment and sale. The judgment, after naming the case, is as follows:

"I do hereby confess judgment in this cause in favor of Thomas M. Reed, plaintiff, for the sum of two thousand eight hundred dollars, and authorize judgment to be entered against me therefor. This confession of judgment is made for the purpose of securing the said Thomas M. Reed against any liability which may accrue to him in consequence of his having signed a bond as security for me, bearing date the seventh day of November, A. D. 1854, for the sum of three thousand six hundred dollars; said bond was given by me as guardian of the infant heirs of George W. Stewart, deceased, to-wit: Mary Jane Stewart, Amanda Stewart and George W. Stewart."

" STATE OF OREGON, County of Benton, ss.

" Jacob Allen, being duly sworn, deposes and says he has heard the foregoing statement for the confession of a judgment read, and knows the contents thereof, and that the same is true of his knowledge.

his<br>
JACOB X ALLEN.<br>
mark

" Subscribed and sworn to before me this nineteenth day of January, 1861.          A. J. THAYER, Notary Public."

The following was indorsed on said statement:

"Thomas Reed v. Jacob Allen. Confession of judgment; the said Jacob Allen having confessed judgment in favor of Thomas M. Reed for the sum of two thousand and eight hundred dollars. It is therefore adjudged that the said Reed have and recover of said Allen the sum of two thousand eight hundred dollars and five dollars costs, this nineteenth day of January, 1861. E. L. PERHAM, Clerk."

Execution was issued on this judgment on the thirtieth day of August, and the land in question sold under the same. The sale was confirmed in due form, and a sheriff's deed executed to Reed, the purchaser. Reed afterwards conveyed the same land to the defendant.

*J. W. Rayburn and Hill, Durham & Thompson,* for appellant:

The probate court, at the time of the appointment of the guardian, was a court of limited jurisdiction, hence jurisdiction must affirmatively appear. (*Farley* v. *Parker*, 4 Or. 46.) There is nothing in the record which shows that the probate court ever had jurisdiction of said infants. (Gen. Laws, 1855, 391, secs. 1, 2, 3.) The amount of the bond should have been fixed by the probate court, or the judge thereof. (Gen. Laws, 1855, 392, sec. 5.)

A judgment is absolutely void when it appears on the face of the record, that the court did not have jurisdiction of the person or subject-matter of the suit. (4 Or. 309; 34 Cal. 407.) The probate court had the exclusive jurisdiction, in the first instance, of all matters pertaining to guardian bonds at the time this confession of judgment was made. (Gen. Laws, 339, secs. 6, 10.)

The surety on a guardian's bond undertakes, generally, for all legal liabilities of his principal and none other. (3 Hill, 77; 25 Cal. 214.) The liability of a surety on a guardian's bond is fixed by a decree against the principal, and in no other way. (3 Hill, 77; 1 John. Ch. 607; 19 John. 304; 25 Cal. 214.)

A party by confessing a judgment, cannot confer jurisdiction on a court of the subject-matter, where otherwise it would not have it. (Freem. on Judg., sec. 547; 23 Barb. 402.) The judgment offered in evidence is a mere security. (6 N. Y. 147.)

*John Kelsay and M. S. Woodcock,* for respondent:

The probate court had jurisdiction to appoint said guardian. (Laws of 1854, 361, secs. 1, 2, 3.) By the record of appointment, it appears that application was duly made and bond ordered to be given, whereupon said bond was duly given and thereafter approved by the court, which, in effect, fixes the amount of the bond as provided by the law then existing. (See bond and order of appointment in bill of exceptions and Terr. Code, 62, sec. 5.)

We do not think that the appointment of guardian was

void. But if it was void, as claimed by plaintiff, the bond is nevertheless good. After Jacob Allen had gone forward under said appointment and given the bond, and thereunder taken charge of the wards' property, his appointment for want of jurisdiction of the court cannot thereafter be called in question. (20 U. S. Dig. 466, sec. 24; *Hines* v. *Mullins*, 25 Geo. 696; 20 U. S. Dig. 470, secs. 129–132; *Alston* v. *Alston*, 34 Ala. 15; 24 U. S. Dig. 311, sec. 43; *Sebastian* v. *Bryan*, 24 Ark. 447; 8 U. S. Dig. 208, sec. 4; *Speight* v. *Knight*, 11 Ala. 461.

It is a well settled principle of law that a party claiming, under a judgment debtor, can not set up against the judgment that the debt for which it was confessed was illegal or void. (*Parker* v. *Rochester*, 4 John. Ch. 329.) A confession of judgment to secure against a contingent liability was authorized by law at the time said judgment was obtained. (Terr. Code, 1854, p. 98, secs. 49 and 50; 3 Wait's Prac. 688.)

The statement and affidavit subscribed by defendant being filed with the clerk, the statute then authorized the clerk to enter judgment thereon; thereafter the effect of the judgment and the proceedings thereon are the same as other judgments. And the said act of entry by the clerk is the judicial action of the court. (Terr. Code, 1854, p. 99, sec. 51; *Lanning* v. *Carpenter*, 23 Barb. 404; 20 N. Y. 462; 4 Mo. 402.) A defective statement for a confession of judgment is good as between the parties, and between them the judgment confessed is legal and valid.

And a levy and sale of property, under such judgment, is good as against the defendant and all other persons, except judgment creditors existing and having a lien upon the property. (*Miller* v. *Earle*, 24 N. Y. 112; *Mitchell* v. *Van Buren*, 27 N. Y. 303; 1 Saw. 246; Freem. on Judg., sec. 557.) This judgment being valid on its face, cannot be attacked collaterally. (*Mitchell* v. *Van Buren*, 27 N. Y. 303; *Hunt* v. *Loucks*, 38 Cal. 382; *In re Price Fuller*, 1 Saw. 246; *Jackson* v. *Robins*, 16 John. 574; *Lee* v. *Fig*, 37 Cal. 336.) Executions may be issued on judgments by confession for a contingent liability, as in other cases. (Terr. Code, 1854,

p. 99, sec. 52; Civ. Code, sec. 271; *Hopkins* v. *Nelson*, 24 N. Y. 520.)

If an execution directs the levy of more money than the judgment calls for, it is not, for that reason, void, but only voidable as to the excess, and cannot be attacked collaterally, even by the parties to them. (*Hunt* v. *Loucks*, 38 Cal. 381, 382; *Hibbard* v. *Smith*, 50 Cal. 511.) If an execution issue upon a confession of judgment for a contingent liability before liability accrues, or for too much money, the defendant has his remedy, to set aside or to amend at the time, or to recover the excess of the levy from the plaintiff in the execution—and failing to do so he is estopped after the sale. (*Hunt* v. *Loucks*, 38. Cal. 382; *Miller* ˙v. *Earle*, 24 N. Y. 111; *Hopkins* v. *Nelson*, 24 N. Y. 520; *Jackson* v. *Bartlett*, 8 John. 364; *Voorhees* v. *Bank of U. S.*, 12 Curtis U. S. S. Ct. R. 197.) It is the policy of the law to uphold judicial sales. An order confirming a sale shall be a conclusive determination of the regularity of the proceedings concerning such sale, as to all persons in any other action, suit or proceeding. (Code 1864, p. 218, sub. 4, sec. 293; *Clark* v. *Lockwood*, 21 Cal. 225; *Mathews* v. *Eddy*, 4 Or. 234.) The sheriff's deed is in due form and the judgment, execution and sale being regular and valid, the defendant's title to the land in question is therefore good—for defendant's title rests only on the judgment, execution, sale and deed. (*Clark* v. *Lockwood*, 21 Cal. 224; *Cloud* v. *El Dorado County*, 12 Id. 133; *Blood* v. *Light*, 38 Id. 652.)

By the Court, BOISE, J. :

On the trial in the court below, the defendant not only produced in evidence this judgment and the proceedings of the sale under it, but the bond mentioned in the judgment and the proceedings in the probate court, which required the execution of the bond. All these proceedings, and the judgment and proceedings under it, were objected to by the plaintiff.

The first question presented which we will consider is, whether the judgment is valid on its face, it being given for a contingent liability on a guardian's bond. It is claimed

by the appellant, that as the circuit court cannot, in the first instance, declare that a liability has accrued on a guardian's bond (that person being in the probate court), a judgment by confession in the circuit court cannot be given in such a case, and that the statute authorizing judgments by confession does not extend to contingent liabilities of this nature.

This question depends entirely on the construction of the statute, which provides that this confession of judgment may be given "to secure any person against contingent liability on behalf of the defendant in such judgment." This statute is general, and does, we think, embrace this kind of a contingent liability. The liability spoken of and provided for by the statute may be one which is not ascertained or fixed by any court, and the sum confessed therefor is asserted by the parties to the judgment, and the judgment became a lien on the land.

The second question is can such a judgment be enforced by execution. This must depend on the statute. Section 240 of the code, defines a judgment to be "the final determination of the rights of the parties." When it is for money, as in this case, it is adjudged that plaintiff have and recover of defendant a certain sum; where the judgment is by confession, the parties fix the sum due or to become due, or the contingent liability, and fix it in the judgment, and if there is no provision in the judgment for the stay of execution, the plaintiff can have execution as provided in section 271 of the code, unless the judgment be payable by installments, which is provided for in section 247. And we think judgments by confessions are subject to the same rule as to the issuance of execution as other judgments, except as otherwise provided. If other proceedings are to be had before the liability attaches, then the judgment is not a final determination of the rights of the parties, and is not a final judgment. We think the judgment by confession, when rendered under the provisions of the statute is a final judgment, and is liable to be enforced as other judgments. In the argument it was not insisted that the proceedings, after the issuing of the execution, were so irregular as to

make the sale void. The only question which now remains to be considered is whether we can go behind this judgment, and inquire into the validity of the bond on which the judgment is founded.

It is claimed that this being a judgment by confession under a particular statute has not the same presumptions in its favor as one rendered by the same court in an action pending in the court in the regular course of business. So far as this matter is concerned, under our code, all proceedings are to a great extent regulated by statute, and we think great uncertainty would result from attempting to establish different rules in determining the effect of different classes of judgments rendered in the same court, and we think a judgment by confession must be determined by the record of the judgment and the judgment sale, and that no inquiry can be had into the consideration of the instrument on which it was founded; for the parties, by agreeing to the judgment, have waived all right to impeach the consideration of the instrument on which it was founded. And it was held by this court at the last term, in the case of *Strong* v. *Barnhart*, which was on a motion to revive a dormant judgment, that the only defense to such judgment was that it had been paid or satisfied, or that there was no such judgment.

The judgment of the circuit court will be affirmed.